UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LYNDSAY FLORENCE JOHNSTON | : | |
| | : | |
| v. | : | C.A. No. 10-296S |
| | : | |
| HARLEYSVILLE INSURANCE CASUALTY | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**Background**

This action was filed on July 15, 2010 and arises out of a November 13, 2008 automobile accident which occurred in Warwick, Rhode Island between Plaintiff, then a resident of East Greenwich, Rhode Island, and the late Maureen McLaughlin, then a resident of Warwick, Rhode Island. (Document No. 4-2, Ex. A). Ms. McLaughlin passed away on February 13, 2010. (Document No. 1, ¶ 4). Plaintiff named Harleysville, Ms. McLaughlin's auto insurer, as the sole Defendant in this case pursuant to the provisions of R.I. Gen. Laws § 27-7-2 which authorizes a direct action against an insurer in the event of the insured's death prior to suit being filed.

Plaintiff alleges the existence of diversity jurisdiction under 28 U.S.C. § 1332 because Harleysville is a Pennsylvania resident. (Document No. 1, ¶ 5). In its Answer to the Complaint, Harleysville denies that this Court has diversity jurisdiction due to the provisions of 28 U.S.C. § 1332(c)(1), known as the "direct action exception," which states that:

> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, <u>except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or un-incorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen...</u> (emphasis added).

Harleysville now moves to dismiss on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12 (b)(1) due to the absence of diversity of parties.

**Standard of Review**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." <u>Aversa v. United States</u>, 99 F.3d 1200, 1210 (1st Cir, 1996), (<u>citing</u> <u>Murphy v. United States</u>, 45 F.3d 520, 522 (1st Cir. 1995)). However, the burden of proving that subject matter jurisdiction exists is placed on the plaintiff, not the defendant, <u>Aversa</u>, 99 F.3d at 1209; "[i]f a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." <u>Thomson v. Gaskill</u>, 315 U.S. 442 (1942). Under Rule 12(b)(1), the Court is not restricted to the fact of the pleadings but may consider extra-pleading materials such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction. See <u>Media Duplication Servs., Ltd. v. HDG Software, Inc.</u>, 928 F.2d 1228, 1236 (1st Cir. 1991).

**Discussion**

Harleysville filed its Motion to Dismiss on August 9, 2010. By Local Rule, Plaintiff's opposition was due by August 26, 2010. LR Cv 7(b)(1). Plaintiff did not file any opposition and

thus Harleysville's Motion to Dismiss is unopposed, and I recommend that it be GRANTED for that reason.

Additionally, I have reviewed Plaintiff's Complaint, and Harleysville's Answer and Motion to Dismiss and conclude that Harleysville's argument that there is no federal diversity jurisdiction is well-grounded in fact and law, and, alternatively, I recommend that Harleysville's Motion to Dismiss be GRANTED on the merits. R.I. Gen. Laws § 27-7-2 states in relevant part: "...where before suit has been brought...the insured has died...the injured party...may proceed directly against the insurer." See also Armacost v. Amica Mut. Ins. Co., 821 F. Supp. 75 (D.R.I. 1993), aff'd 11 F.3d 267 (1st Cir. 1993) (direct actions against insurer are authorized by statute in Rhode Island when injured party is unable to serve process upon insured party). Because Harleysville is deemed to be a citizen of the State of Rhode Island for purposes of this direct action pursuant to 28 U.S.C. § 1332(c)(1), and where Plaintiff is also a Rhode Island citizen, there is no diversity jurisdiction, and the Complaint must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). See Corn v. Precision Contracting, Inc., 226 F. Supp. 2d 780, (W.D.N.C. 2002); and Griffin v. Wausau Ins. Co., 189 F. Supp. 2d 714 (N.D. Ohio 2002).

**Conclusion**

For the reasons set forth above, I recommend that Harleysville's unopposed Motion to Dismiss (Document No. 4) for lack of federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the

District Court and the right to appeal the District Court's decision.  See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 31, 2010